CHARLES E. TABOR, RESPONDENT, v. JULIA E. FORD, APPELLANT.—240 S. W. 2d 737.

Kansas City Court of Appeals.   Opinion delivered June 4, 1951.

*Southall & Southall* for appellant.

*Henry A. Riederer, Fred J. Freel* for respondent.

BROADDUS, P.J.—This is an action brought by plaintiff, Charles E. Tabor, against Julia Ford, defendant, wherein plaintiff seeks judgment for rent overcharges, (three times the amount of overcharges) and attorney's fees, under the provisions of Section 205 (e) of the Emergency Price Control Act of 1942, 50 U.S.C.A. 925, amended June 30, 1944.

Under the above subsection it is provided that if a seller charges the buyer in excess of the price fixed under authority of the law, the buyer may sue the seller and recover treble the amount of the overcharge, or not less than $25 nor more than $50, whichever sum is the greater, plus reasonable attorney's fees and costs; and if the buyer fails to bring suit within 30 days of such occurrence, then the administrator may maintain such an action on behalf of the United States.

Trial to the court resulted in judgment for plaintiff for $124, the amount of actual overcharges found to have been made and paid, and for $100 for attorney's fees, a total of $224; and the court failed to allow any amount as damages in excess of the actual amount of the overcharges. Both parties appeal.

After the appeal reached us the office of Housing Expediter, an agency of the United States Government, upon motion duly filed, was permitted to intervene.

This case was originally filed in magistrate's court, where the defendant promptly filed a plea to the jurisdiction of that court. The

magistrate transferred the cause to the circuit court. Defendant moved to dismiss for lack of jurisdiction. The court sustained said motion but, later, set that order aside and rendered judgment for plaintiff as aforesaid.

The evidence and agreed facts disclosed that plaintiff became a tenant, sometime in 1941, or 1942, in a house owned by six co-tenants, one of whom was defendant; that Herbert J. McCoy owned an undivided one-fourth interest in said property, occupied it, and rented rooms therein to plaintiff; that during the period involved the ceiling rent, fixed by O.P.A., was $7.50 per week; that plaintiff paid no excessive rent until January, 1946, when Mr. McCoy became incapacitated and defendant took over the management and control of the property. Plaintiff stated that, at that time, defendant increased the rent to $10 per week, then to $11, then up to $12; and reduced it to $10 toward the last period involved. Plaintiff placed his rent receipts in evidence.

On behalf of defendant it was shown that she received no benefit from the rent money, for herself, but that Herbert J. McCoy received the benefit of all money collected; that after Mr. McCoy died, she became administratrix of his estate; that from and after Mr. McCoy became incapacitated, in January, 1946, she collected the rents until his death, in December, 1946.

The Emergency Price Control Act gives concurrent jurisdiction for enforcement to the United States District Courts, and to state courts of "competent jurisdiction." We have recognized that the Act may be enforced in the courts of this state. Jordan v. Moore, 194 S.W. (2nd) 948, 951. Defendant contends that magistrate courts are not courts of "competent jurisdiction" because plaintiff seeks to recover a penalty given by Federal Statutes, whereas Section 482.090 Mo. R. S. 1949, defining the jurisdiction of magistrate courts, limits jurisdiction to hear and determine suits "for a penalty or forfeiture given by any statute of this state."

Our decision herein, as the case is presented, depends upon the construction of Section 205 (e), supra, whether it is penal or remedial in nature.

The leading and often cited case of Huntington v. Attrill, 146 U.S. 657 states: "Penal laws, strictly and properly, are those imposing punishment for an offense committed against the state, and which, by the English and American constitutions, the executive of the state has the power to pardon. Statutes giving a private action against the wrongdoer are sometimes spoken of as penal in their nature, but in such cases it has been pointed out that neither the liability imposed nor the remedy given are strictly penal."

In Chattanooga Foundry & Pipe Works v. Atlanta, 203 U.S. 390, the court holds that an action for treble damages under an anti-trust act is a suit for a penalty, that: "The construction of the phrase 'suit for a penalty', and the reasons for that construction, have been stated

so fully by this court that it is not necessary to repeat them." (Citing Huntington v. Attrill, supra.)

In James-Dickinson Farm Mortgage Company v. Harry, 273 U.S. 119, the court speaking through Mr. Justice Brandeis, and relying upon the Huntington case, supra, held that a statute of the State of Texas, allowing exemplary damages to the extent of double the actual damages (for false representations) was not a penal law, and that recovery thereunder might be had in the courts of another state.

The Fair Labor Standards Act authorizes a recovery of double the amount of wrongfully withheld wages. In construing that Act in the case of Overnight Motor Transp. Co. v. Missel, 316 U.S. 572, the court said: "The liquidated damages for failure to pay the minimum wages * * * are compensation, not a penalty or punishment by the Government." (Citing Huntington v. Attrill, supra.

There are a number of decisions, both federal and state, under the Emergency Price Control Act here involved.

In Everly v. Zepp, D.C.Pa., 57 F. Supp. 303, the court said: "An examination of the law seems to leave no doubt that the recovery allowed by the Act is in the nature of damages and is remedial as distinguished from penal."

That holding was approved in Dorsey v. Martin, D.C. Pa., 58 F. Supp. 722 and the United States v. Canadian American Spirits, D.C. N.J., 75 F. Supp. 730.

In Heitmuller v. Berkow, 165 F. (2nd) 961, the United States Court of Appeals for the District of Columbia affirmed the holding of the lower court saying that "The Rent Act creates a statutory obligation to pay compensatory damages and not a penalty * * * ."

In the case of Beasley v. Gottlieb, the Supreme Court of New Jersey in a well considered opinion 131 N.J.L. 117; 35 A. 2nd 49 held that: "Tenant's suit against landlord to recover under Emergency Price Control Act for violation of maximum rental provision is a suit of a 'civil' nature, remedial of a private wrong and therefore not 'penal' * * * ." That case was followed by the New Jersey court in Carmelly v. Hanson, 43 A. (2nd) 685.

In Desper v. Warner Holding Company, 219 Minn. 607, 19 N.W. (2nd) 62, the court said: "With respect to the argument that the cause of action is penal * * * it is sufficient to note that the section in question provides for a private remedy to the person wronged by the violation of the act." Quoting from Huntington v. Attrill, supra, and citing other authorities. "Nor does the fact that Section 205 (e) authorizes the recovery of a flat sum transform the cause of action from a remedial to a penal one." (Citing authorities) "Under the foregoing authorities, the conclusion cannot be escaped that Section 205 (e) is clearly remedial."

In Whatley v. Love, La. App., 13 So. (2nd) 719, 722, it is held that section 205 (e) is not penal, the court stating: "Concerning the contention that the Act of Congress under consideration imposes a pen-

alty, the argument is wholly without merit, since it has been held numerous times that this act and other similar acts such as the antimonopoly statute with its triple damage provision and the Fair Labor Standards Act, 29 U.S.C.A. sections 201 et seq., are not penal statutes." The court cites Huntington v. Attrill, supra, and many other cases.

Other decisions to the same effect are: Schaffer v. Leimberg, et al., 62 N.E. (2nd) 193,194; Vieira v. Menino, 322 Mass. 165, 76 N.E. (2nd) 177; Zipser v. Dumars, 64 N.Y.S. (2nd) 654; Schubach v. Anderson, 184 Va. 795; 36 S.E. (2nd) 539; Lambros v. Brown, et al., 41 A. (2nd) 78 (Md.) and Kaplan v. Arkellian, 32 A. (2nd) 725 (N.J.).

It is to be noted that section 205 (e) supra, provides for actions by tenants for themselves and also actions by the administrator for the government. It seems that due to that fact there has been much apparent, or actual, conflict in decisions as to whether or not the Act is remedial or penal. In many cases it is declared to be both. We so held in Geisinger v. Milner Hotel, 202 S.W. (2nd) 142, 147.

In 50 Am. Jur. 36, par. 17, it is pointed out that if a statute imposes a penalty or forfeiture which accrues to the party aggrieved, to be recovered by private action, although not limiting the right of recovery to the amount of actual loss, it is remedial and not a penal statute. But if a statute imposes a penalty or forfeiture, to be recovered by the Government, then the statute is regarded as penal and not remedial.

Measured by the above rule the statute in question is both penal and remedial; penal in that the Government may recover penalties against violators, and remedial in that individuals may recover actual damages as well as cumulative damages, by private action.

A case which points this out is that of Heitmuller v. Berkow, supra. That case held, as we have stated, that the action when brought by the tenant was not to enforce a penalty. It refers to the case of Bowles v. Farmers National Bank, 147 F. (2nd) 425, where the court held that the statute provided for recovery of a penalty and says: "the court (Bowles opinion) took particular note of the fact that 'recovery is to be paid not to the person injured but to the Government.' " Thus, the court says, "The Bowles case is clearly distinguishable."

In line with the above authorities, we hold that the present action by plaintiff, as tenant, was within the jurisdiction of the Magistrate Court.

Section 482.100 Mo. R.S. 1949, provides that magistrate courts shall have no jurisdiction to try any action involving the validity of any statute of the United States or of any authority exercised under the laws of the United States. It is true that no state court has jurisdiction to try cases involving the *validity* of Section 205 (e) supra, or of any authority exercised under it. Woods v. Stone, 333 U.S. 472. However, no such question is here involved.

It is contended that the court erred in rendering judgment against defendant because the overcharges were really made by Herbert J.

McCoy, deceased, for whom she was agent. Defendant admitted that she collected the rentals on the house from and after Herbert J. McCoy went to the hospital, about January 1, 1946. Plaintiff's petition alleged that the overcharges sued for were made and paid after January 1, 1946, and plaintiff testified to the effect that no overcharges were made until after defendant assumed control over collection of rentals. By the terms of the Emergency Price Control Act, defendant is liable as a person who received rent within the meaning of the Act and regulations. She is liable even though she may have collected the overcharges in the capacity of an agent. Woods v. Willis, 171 Feb. 2nd, 289, 290. Consequently, defendant's contention to the effect that recovery of the rentals herein can be had only by recovery against the estate of Herbert J. McCoy, who died December 31, 1946, must be denied.

Defendant also contends that the amount of the judgment $124, is in excess of the amount actually overpaid. At the trial, and here, she contended that some investigation was made by officials of the office of Price Control, and that her part of the refund, found due, was $32, which she tendered plaintiff. However, during the course of the trial, the court asked defendant's counsel the following question: " * * * is there any dispute that he paid the rent in accordance with the allegations of the petitions?" Counsel answered: "None whatever; that is not the issue in the case at all." After all of the evidence was in the court stated: "What he states in his petition,—that is all there is to it, if this court has jurisdiction," to which defendant's counsel replied: "We say this court has no jurisdiction."

The case was tried on the theory that rent to the amount of $124, in excess of the amount permitted under O.P.A., was collected by defendant after she assumed the management of the property. That fact was not challenged by defendant below. She merely denied the court's jurisdiction.

Plaintiff asserts that the trial court erred in not allowing him liquidated damages. He did not call this to the attention of the court by motion for new trial and thus is in no position to now complain.

The judgment is affirmed. All concur.