**CITY OF ST. LOUIS ex rel. ATLAS PLUMBING SUPPLY COMPANY, Plaintiff-Appellant,**

v.

**AETNA CASUALTY AND SURETY COMPANY, a foreign corporation, J. S. Alberici Construction Company, Inc., a corporation, and T. J. McNamara Company, Inc., a corporation, Defendants-Respondents.**

**No. 33353.**

St. Louis Court of Appeals.

Missouri.

June 13, 1969.

Motion for Rehearing or to Transfer to the Supreme Court Denied Sept. 15, 1969.

Application to Transfer Denied Nov. 10, 1969.

Harper & Stone, St. Louis, for plaintiff-appellant.

Millar, Schaefer, White & Ebling, St. Louis, for defendants-respondents.

PER CURIAM.

Section 100.050 of the Revised Code of the City of St. Louis requires that the performance of all contracts made by the Board of Public Service shall be secured by sureties qualified in the manner stated in the section. The conditions of the undertaking by the surety as set forth in Section 100.130 are (1) the faithful performance by the principal obligor of *all* the terms of the principal contract and, more specifically, (2) payment "to the proper parties" of all amounts due, for, inter alia, materials employed in the performance of the principal contract. The materialman is made a beneficiary of the surety's contract by virtue of the privilege expressed that he (the materialman) may sue on it in case of breach of any of the conditions therein. The right of action so conferred on the materialman is itself subjected to the further condition expressed in the proviso at the end of the section—"provided, that no such suit shall be instituted after the expiration of 90 days from the completion of the contract".

Relator's petition was filed October 7, 1966 and recited that the J. S. Alberici Construction Company, Inc., entered into a contract with the City of St. Louis for the construction of an addition to a building at St. Louis Municipal Airport and in connection therewith executed its performance bond to the City with Aetna Casualty and Surety Company as surety thereon; that the bond was conditioned inter alia upon payment of all lawful claims for amounts due for materials furnished in the construction of the addition; that the Alberici Company sub-let to defendant, T. J. McNamara Company, Inc., that part of the work to be done under the construction contract and identified as "plumbing"; and that while the addition was being constructed the Relator Atlas Plumbing Supply Company delivered at agreed prices to the McNamara Company from time to time, as directed by the McNamara Company, plumbing supplies which were actually used

in accordance with the terms of the principal construction contract in the construction of the addition.

The petition further recited that the sum total of the charges for the plumbing supplies furnished by Relator to McNamara Company has been due and owing since November, 1965, and that in spite of repeated demands the defendants have refused to pay Relator.

On October 31, 1966 Alberici and Aetna filed their motion to dismiss the petition, basing their position upon the ground that the action was not brought within ninety days after the completion of the contract, as required by Section 100.130 of the Revised Code of the City of St. Louis. The motion to dismiss was supported by accompanying affidavits showing the time of contract completion and the time of final payment by the City to Alberici under the principal construction contract. The motion to dismiss was presented, argued and taken as submitted on November 17, 1966. During the oral argument relator questioned the constitutionality of the ordinance.

On December 16, 1966, relator filed its "Plaintiff's Answer to Defendant's Motion to Dismiss". That answer endeavored to raise the constitutional issues of due process and the equal protection of the laws. The motion to dismiss was sustained by the Circuit Court on July 13, 1967. Notice of appeal to the Supreme Court of Missouri was filed July 21, 1967. The Supreme Court held that it was without jurisdiction because of the failure of appellant to preserve the constitutional objection, in that appellant did not raise the constitutional question at the earliest time which orderly pleading and procedure would permit. 429 S.W.2d 252. Thereupon the case was transferred to this court. Bereaved of its constitutional issues by that decision of the Supreme Court, the appellant in this court attacks Section 100.130 as "unreasonable, unsimilar to the Mechanic's Lien Statute and void for vagueness".

By Section 107.170, RSMo 1959, V.A.M.S., the legislature has made it mandatory that a contractor's performance bond "with good and sufficient sureties" be furnished wherever a contract for public works is to be performed for the State or for one of the enumerated political bodies thereof. That section specifies certain conditions which must be set out in the bond. The coverage of this statute and the bond thereunder are obviously identical with the coverage under Sections 100.050 and 100.130 of the St. Louis Code. Section 522.300, RSMo 1959, V.A.M.S., gives the materialman a right of action on such a bond, but the statute contains no limitation upon the time within which an action shall be brought on the statutory bond.

■ The chief thrust of appellant's argument has been that Section 100.130 of the St. Louis Code is inconsistent with the state statute, (Section 107.170), in that the statute has no self-contained limitation of the time within which to bring an action for the enforcement of rights under the bond, whereas the code section carries the ninety-day limitation here under discussion. From this appellant would contend that the code section is in conflict with the state law and consequently must be held to be completely invalid. The conclusion so reached by the appellant cannot be accepted. We see no way in which the code section conflicts with the statute. Acting under § 100.050 of the St. Louis code in respect to a contract made by the Board of Public Service, the parties have caused the execution of a bond which accords precisely with the mandate of the statutory section 107.170. Each and every requirement of the latter section is found satisfied by the terms of the bond executed and delivered herein. Every purpose of the statute is fulfilled by that bond. Nothing found in the bond here alters, modifies or contradicts that which is found to be a requirement of the statutory bond.

Section 107.170, RSMo 1959, V.A.M.S., does not purport to prescribe the whole of

the content of the statutory bond. It is concerned with the expressed conditions which will give rise to liability on the bond and, by § 522.300, with the identification of the beneficiaries thereunder. It makes no effort to regulate procedure and contemplates the possibility that the bond may embody conditions in addition to those specifically required *. Accordingly, Section 100.130 of the St. Louis code does not conflict with the statute.

Appellant's contention that the ninety-day limitation of the code is unreasonable does not find support in the decided cases of this state. In City of St. Louis ex rel. Glasco Electric Company v. Dunham Construction Company, 138 S.W.2d 707, this court had before it the exact code provision now in controversy. That case closely parallels the present one, including the lack of a constitutional question. As to the validity of the ninety-day limitation this court said: " * * * nor may the same be held either arbitrary or unreasonable." To the same effect was the holding of the Kansas City Court of Appeals relating to a like ninety-day limitation in Kansas City to use of Ingalls Stone Co. v. New Amsterdam Casualty Company, 219 Mo.App. 283, 269 S.W. 693.

■ In the Glasco Electric Company case, the court there stated, among the reasons for holding the limitation reasonable, that it (the 90-day limitation) merely translated to actions on contractors' bonds, "the identical limitation which obtains with respect to the commencement of actions under the mechanics' lien statute in the case of private work". The appellant has attempted so to interpret that remark as to make the limitation upon suit found in the mechanic's lien statute the criterion by which to determine whether the limitation

in the performance bond is reasonable; it proceeds upon the unarticulated assumption that when the statement in Glasco was made the court there meant that the reasonableness of the bond limitation was to be precisely measured by the limitation prevailing in the current mechanic's lien statute. Since Glasco was decided, the mechanic's lien statute has been amended so as to extend the period within which action to enforce the lien may be brought; according to the interpretation given by appellant to the quoted portion of the Glasco opinion no limitation found in the bond could be valid. This leads the appellant to emphasize that the limitation of Section 100.130 is "unsimilar" to the present Mechanic's Lien Statute, that it "is in no way similar to the Mechanic's Lien Statute" and hence is "unreasonable". We find nothing in Glasco which furnishes ground for the interpretation put forward by appellant. This court, as above quoted said that the 90-day limitation of the code could be held neither arbitrary nor unreasonable and went on to state, "To the contrary, such a provision, which is designed to require the timely enforcement of the rights of laborers and materialmen, is founded upon both reason and justice * * *." There is nothing in the opinion which justifies the conclusion that the period of limitation in the bond must be identical with the period of limitation found in the mechanic's lien statute in order for the former limitation to be reasonable. (It just happened that at the time of the Glasco case the two periods were identical.) Indeed it is difficult to see how the period of limitation found in the mechanic's lien statute is even relevant to the question of the reasonableness of the limitation found in the performance bond.

The judgment is affirmed.

All concur.

* " * * * and such bond, among other conditions, shall be conditioned for the payment of any and all materials * * *

and for all labor performed in such work whether by sub-contractor or otherwise." § 107.170(1).