REORGANIZED SCHOOL DISTRICT R–3, POTOSI, Mo., at the relation and for the Use and Benefit of AHRENS & McCAR-RON, INC., a corporation, Plaintiff-Respondent,

v.

L. D. COMPTON CONSTRUCTION COMPANY et al., Defendants,

L. D. Compton Construction Company and The Travelers Indemnity Company, Defendants-Appellants.

No. 34084.

Missouri Court of Appeals, St. Louis District.

May 23, 1972.

Motion for Rehearing or to Transfer to Supreme Court Denied June 28, 1972.

Application to Transfer Denied Sept. 11, 1972.

William L. Pannell, Pannell, Dodson & Robinson, Festus, for defendants-appellants.

John W. Howald, James E. Bowles, Thurman, Nixon, Smith & Howald, Hillsboro, for plaintiff-respondent.

WEIER, Judge.

Two issues are presented in this case. First, is a provision valid and enforceable in a labor and material payment bond which requires the claimant to give written notice within ninety days after he furnishes the last of the materials for which claim is made? And, second, if the provision is valid, did the replacement of a gas pipe leading into a gas-fired water heater with a shorter piece of pipe, for which no charge was made, constitute the furnishing of materials so as to make it the last item of the account and thereby place it within the ninety (90) day period required for written notice? As to the first issue, we hold the provision valid and enforceable. As to the second, we determine that the replacement of the gas pipe with a shorter piece did not constitute materials supplied within the ninety days before notice.

Suit was filed by the plaintiff corporation for the payment of materials furnished by plaintiff to defendant Werner, a plumbing subcontractor, and used in the construction of a school building. The suit also joined as defendants the general contractor, L. D. Compton Construction Com-

pany, and The Travelers Indemnity Company, surety on a labor and material payment bond. Werner failed to respond with any pleading and remained in default. Defendants Compton and The Travelers filed an answer setting out the defenses outlined in the issues now before us. These affirmative allegations were stricken by the court at time of judgment, upon motion of the plaintiff, and judgment was entered against all defendants in the sum of $4,351.62. From this judgment defendants Compton and The Travelers have appealed.

As previously indicated, Paul Werner was the plumbing subcontractor in the construction of a school building. All materials for this work were supplied by plaintiff. They were supplied over a period from January 5, 1965, to September 29, 1965, when the plumbing work was substantially completed.

The building was occupied for school purposes in September, 1965. On October 5, 1965, the architect made a semi-final inspection and prepared a "punch list" of all items to be completed before final payment was to be made. This list contained no reference to any malfunctioning water heater. Later, on December 20, 1965, the architect wrote a letter to the superintendent of schools authorizing payment of a part of the money due the contractor but recommended withholding from the payment a balance of $15,000.00 until several items were completed or repaired. Among these items was the water heater. As the architect explained, the malfunctioning of the water heater had not shown up by October 5, 1965, but it had by December 20, 1965, and was included in the list at that time. As further explained by the architect, the water heater appeared to have been properly installed at the time of the inspection which preceded his October list. The problem with it became apparent only after October 5, when it was in use at the school. Then, on December 29, 1965, in response to a call from Werner, plaintiff sent a man to the school to take care of the

complaint. At that time a shorter piece of gas pipe was substituted for a four-to-five-inch pipe originally installed. No charge was made.

■ The labor and material payment bond executed by The Travelers is required under Section 107.170, RSMo 1969, V.A.M.S.,[1] to afford laborers and materialmen the same measure of protection in public construction as that afforded by the mechanic's lien law in the private sector. Camdenton Consol. School Dist. No. 6 of Camden County ex rel. W. H. Powell Lumber Co. v. New York Casualty Co., 340 Mo. 1070, 104 S.W.2d 319, 322 [1].

Section 522.300 confers on those performing labor or furnishing materials in public building' projects the right to sue in the name of the public body for his use or benefit to recover the amount due him. City of St. Louis, to Use of Stone Creek Brick Co. v. Kaplan-McGowan Co., 233 Mo.App. 789, 108 S.W.2d 987, 989 [1]. Neither section imposes any limitation upon the claimant in the giving of notice or filing of suit, but the bond given by the general contractor and executed by The Travelers contained a notice provision. This required claimants to give written notice to at least two of the following: the principal (here the general contractor), the owner (here the school district), or the surety (here The Travelers). The notice was required to be given within ninety days after the claimant furnished the last of the materials for which claim is made.

■■ In City of St. Louis ex rel. Atlas Plumbing Supply Company v. Aetna Casualty and Surety Company, Mo.App., 444 S.W. 2d 513, we held such a provision in a city ordinance reincorporated in the bond not in conflict with Section 107.170 and that it was a reasonable period of limitation. Our opinion there referred to the fact that Section 107.170 contemplated the possibility that the bond might embody conditions in addition to those specifically required by the statute. So also here, merely because the bond was given on a public building project in an area where such an ordinance could not be or had not been enacted, its validity is not affected. The contracting parties had the authority to incorporate such a provision in the instrument as long as it was reasonable and did not thwart the purpose and intent of the statute. Accordingly, the order of the trial court striking the allegations in the answer which set out this defense is in error. The provision is valid and enforceable.

We now turn to the question whether the furnishing of a shorter piece of pipe on December 29, 1965, to replace a four-to-five-inch gas pipe connecting the gas water heater, without charge, constituted a continuation of the account of materials previously supplied by plaintiff so as to toll the limitational requirement. If it did constitute materials for which claim was made, then a written notice of March 25, 1966, given to the defendants was within the ninety-day period. But if the materials for which claim was made were last furnished on September 29, 1965, the notice would be beyond the ninety days.

Returning to the bond, the pertinent part reads:

"3. No suit or action shall be commenced hereunder by any claimant,

"(a) Unless claimant, other than one having a direct contract with the Principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days' after such claimant did or performed the last of the work or labor, or furnished the last of the materials for which said claim is made, * * *."

■ Here the last of the materials for which claim was made was invoiced on September 29, 1965. There was no charge

1. All section numbers referred to in this opinion are contained in RSMo 1969, V.A.M.S.

or claim for the small piece of gas pipe brought to the school and installed on December 29, 1965. It was furnished to replace a pipe for which charge had already been made on or prior to September 29, 1965. Obviously, more than ninety days expired between the time when the last item was furnished "for which said claim is made" and the date of the notice.

Respondent relies heavily on Brown v. Davis, Mo.App., 249 S.W. 696, where lien time under the mechanic's lien statute, Section 429.080, was held to run from the time certain defective rubber diaphrams in a steam heating plant were replaced by the original contractor. But there the words of the statute describing the base date from which time is to be computed are found in this phrase: "after the indebtedness shall have accrued." [2] Although the question of when the indebtedness accrues has been decided differently by the courts, depending upon the facts and circumstances of the case, it has no relevance here, since the language of the condition in the bond is different.[3]

We are confident that substantial reason supports our conclusion. If the time to give notice be expanded to include any replacement or repair when a discrepancy is found in material or equipment supplied to a subcontractor, then the original contractor and his surety might be held under the bond for defaulting subcontractors' obligations to their materialmen at any time work is done and materials replaced under a warranty, even months or years after the original work has been completed and the materials for which claim is made have been furnished.

The judgment below against the defaulting subcontractor, Paul Werner, is affirmed. The judgment against defendants-appellants, L. D. Compton Construction Company, Inc. and The Travelers Indemnity Company, is reversed.

BRADY, C. J., and DOWD and SMITH, JJ., concur.

2. As to when time of accrual of indebtedness now occurs, see Section 400.2–725 (2) [Uniform Commercial Code].

3. A mechanic's lien case similar to the facts of the case at bar is R. J. Schwab & Sons Co. v. Frieze, 107 Mo.App. 553, 81 S.W. 1174, where the supplier of furnaces attempted to establish the date of replacement for a broken door frame without charge as the accrual date, and failed.