CITY OF KEYTESVILLE, Plaintiff,

v.

KELCO INDUSTRIES, INC.,
et al., Defendants.

No. N 89–0017 C.

United States District Court,
E.D. Missouri, N.D.

Sept. 25, 1991.

Michael L. Midyett, Keytesville, Mo., for plaintiff City of Keytesville.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., and Glenn J. Melcher, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant U.S.

Patrick L. Dunn, Hartigan & Yanda, Kansas City, Mo., for defendant Hartigan & Yanda, P.C.

James J. Wheeler, Keytesville, Mo., for defendant J.C. Jones.

MEMORANDUM

GUNN, District Judge.

This matter is before the Court on the parties' cross motions for summary judgment. This is an interpleader action which was originally filed by the City of Keytesville (City) in the Circuit Court of Chariton County, Missouri. Acting pursuant to 28 U.S.C. § 1446(a), the United States, one of the claimants in this action, removed the matter to this Court. Kelco Industries, Inc. (Kelco) failed to answer the City's complaint and this Court entered a judgment of default against Kelco and ordered the remaining claimants to file motions for summary judgment setting forth their respective claims to the interpleaded fund.

Having considered the memoranda and supporting documentation submitted by the claimants the Court finds the following undisputed facts. In January 1986 Kelco contracted with the City to construct certain waste water treatment and sewer facilities. During the course of this construction project, in approximately June or July of 1987, claimant J.C. Jones (Jones), a subcontractor on the project, furnished electrical supplies and labor. Jones failed to receive full payment for the work performed and asserts a claim for $9,136.16 against the fund. Jones has also filed a crossclaim for the same amount directly against Kelco. Following the completion of the project, the City and Kelco submitted a dispute concerning a liquidated damages provision in their contract to arbitration. On August 8, 1988, the arbitrator awarded Kelco $32,-

604.25. The arbitration award constitutes the disputed fund in this action.

Claimants Hartigan and Yanda, P.C. (H & Y), acting by and through Patrick L. Dunn, provided legal representation to Kelco throughout the course of the contract dispute and the arbitration proceedings. H & Y asserts that it failed to receive payment for these services, and as a result, claims an attorneys' fee lien against the fund in the amount of $14,015.46. The United States also asserts a claim against the fund in the amount of $46,452.57 pursuant to four federal tax liens filed against Kelco in Chariton and Macon counties on October 3, 1988.

Inasmuch as the amounts of the various claims are essentially undisputed, the primary issue before the Court is the priority of the competing claims to the fund. H & Y contends, and the United States does not dispute, that the operation of 26 U.S.C. § 6323(b)(8) gives priority over a federal tax lien to an attorneys' lien which arises pursuant to local law and which reflects a reasonable compensation for obtaining the fund which is the subject of the federal lien.

Jones contends that his claim to the fund is superior to that of the United States and H & Y. Specifically, Jones asserts that he possesses an equitable right to payment from the contract fund which relates back to the date of the contract. Therefore he contends that the federal tax lien did not attach to that portion of the fund representing the moneys due to Jones from Kelco for the provision of labor and services because such moneys should have passed directly to Jones and should not have become the property of Kelco at the time of the arbitration award. Jones further contends that the federal tax lien which arose as a result of Kelco's tax delinquency did not attach to the portion of the fund which Jones claims because it never became the property of Kelco within the meaning of the federal tax laws. Jones finally contends that H & Y's lien against the fund is inferior to that of Jones because the attorneys' lien did not arise until the initiation of the arbitration proceedings in March of 1988. The Court having considered each of these contentions finds them without merit.

■ Section 6321 of Title 26 provides that "if any person liable to pay any tax neglects or refuses to pay the same after demand, the amount ... shall be a lien in favor of the United States upon all property and rights to property ... belonging to such person." Section 6323 excludes certain interests from the operation of the lien imposed by section 6321. In particular, section 6323(b)(8) gives priority over the federal tax lien to an attorneys' lien which arises pursuant to local law and which reflects reasonable compensation for the attorney's services. The Court concludes that H & Y's attorneys' lien satisfies the requirements of 26 U.S.C. § 6323(b)(8) because it arose as a result of the arbitration award recovered by Kelco from the City. The parties do not apparently dispute the propriety of the lien under Missouri law.

Jones asserts that the attorneys' lien recoverable by H & Y should be limited to fees for services and that H & Y's claim for expenses in the amount of $522.57 should be disallowed. H & Y contends, and the Court agrees, that the authority for Jones' assertion found in *Kimmie v. Terminal Railroad Ass'n*, 344 Mo. 412, 126 S.W.2d 1197, 1199 (1939) is dicta which was expressly rejected in *Ganaway v. Department of Social Services*, 753 S.W.2d 12, 14 (Mo.Ct.App.1988). The Court therefore concludes that H & Y is entitled to recover the entire amount of the attorneys' lien prayed for, $14,015.46.

■ Having reviewed the equitable lien theory put forward by defendant Jones, the Court finds that it is inapposite to Jones' claim. Under Missouri law an equitable lien upon retained funds arises in favor of a *surety* when and if a contractor defaults under its contract triggering the surety's obligation to pay under its payment bond. *See Kansas City, Missouri v. Tri–City Const. Co.*, 666 F.Supp. 170, 172 (W.D.Mo.1987). The cases cited by Jones in no way indicate that such a lien also arises in favor of a subcontractor such as Jones upon the default of the contractor.

In addition, Missouri law requires a contractor on a public works project to post a bond for the payment of materialmen, subcontractors and laborers. Mo.Rev.Stat. 107.170. Therefore, Jones' remedy for Kelco's alleged failure to pay for the materials and services provided on the project is to file a claim under the bond provided for the project. *See Rupert Asphalt Co. v. O'Dell*, 382 S.W.2d 832, 834 (Mo.Ct.App. 1964).

▮ Jones does not contend, nor is there any indication in the record before the Court, that he has filed such a claim. In addition, Jones does not contend that the City failed to require the contractor to post such a bond. Therefore Jones is not entitled to assert a claim directly against the contractor and his crossclaim against Kelco will be dismissed. *See id.*

On the basis of the foregoing, the Court concludes that the claim of Jones to the interplead fund is inferior to that of H & Y's and the federal tax liens. Inasmuch as these two claims exceed the size of the fund, the Court further concludes that Jones is not entitled to receive a payment out of the fund deposited with the Court.

## JUDGMENT

Pursuant to the memorandum filed on this date herein,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that judgment in this matter shall be and it is entered in favor of Hartigan & Yanda, P.C. in the amount of $14,015.46.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that judgment in this matter shall be entered in favor of the United States of America in the amount of $18,588.79.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that claimant J.C. Jones shall take nothing.

IT IS FURTHER ORDERED that the City of Keytesville shall be discharged as the stakeholder herein.

IT IS FURTHER ORDERED that the aforementioned amounts shall be paid out of the funds previously deposited with the registry of the Court.

IT IS FURTHER ORDERED that the crossclaim of J.C. Jones against Kelco Industries, Inc. shall be and it is dismissed.