**LAYNE, INC., Appellant,**

v.

**James R. MOODY, Respondent.**

**No. WD 48918.**

Missouri Court of Appeals,
Western District.

Aug. 30, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 4, 1994.

Application to Transfer Denied
Nov. 22, 1994.

Laura D. Stith, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christie A. Kincannon, Asst. Atty. Gen., Jefferson City, for respondent.

Before ELLIS, P.J., and BERREY and SMART, JJ.

BERREY, Judge.

The trial court sustained respondent's Motion to Dismiss the petition for failure to state a claim for which relief could be granted. Appellant appeals this decision.

Respondent was at all times relevant to this matter the Commissioner of the Missouri Office of Administration (MOA).

In 1992, MOA employed Maecorp, Inc. to assess the condition of ground water under certain property. MOA did not require Maecorp to provide a payment bond to cover costs of labor and materials provided by sub-contractors or others on the project. Maecorp employed appellant as a sub-contractor to drill the wells required to test water at seven potential hazardous waste locations. Appellant performed the contract and sub-

mitted his statement in the sum of $86,-052.92. Maecorp tendered appellant $10,-098.70. Subsequently, appellant filed suit against Maecorp for the principal balance of $75,959.22 plus prejudgment interest at 1.5% per month in accordance with the terms of the sub-contract. Appellant recovered a judgment for this amount but was unable to collect because Maecorp had filed for Chapter 11 Bankruptcy protection. Appellant alleges that respondent breached his duty by failing to require Maecorp to furnish a payment bond for appellant's benefit under § 107.170, because § 107.170 covers a "contract for public work."

Section 107.170 RSMo, 1986, reads as follows:

1. It is hereby made the duty of all officials, boards, commissions, commissioners, or agents of the state, or of any county, city, town, township, school, or road district in this state, in making contracts for public works of any kind to be performed for the state, or for such county, city, town, township, school or road district, to require every contractor for such work to furnish to the state, or to such county, city, town, township, school or road district, as the case may be, a bond with good and sufficient sureties, in an amount fixed by said officials, boards, commissions, commissioners, or agents of the state, or of such county, city, town, township, school or road district, and such bond, among other conditions, shall be conditioned for the payment of any and all materials, lubricants, oil, gasoline, grain, hay, feed, coal and coke, repairs on machinery, groceries and food-stuffs, equipment and tools, consumed or used in connection with the construction of such work, and all insurance premiums, both for compensation, and for all other kinds of insurance, on said work, and for all labor performed in such work whether by subcontractor or otherwise.

2. All bonds executed and furnished under the provisions of this section shall be deemed to contain the requirements and conditions as herein set out, regardless of whether the same be set forth in said bond, or of any terms or provisions of said bond to the contrary notwithstanding.

In Point I, appellant alleges the trial court erred in granting respondent's motion to dismiss on the basis that respondent was not required to obtain a payment bond. Points II and III allege the trial court erred by granting respondent's motion to dismiss because § 107.170 requires a payment bond where appellant would have been entitled to a mechanic's lien in drilling a water well because § 429.015(2) provides such and that a water well is an improvement to the land. Points II and III are so similar that they will be addressed together.

■ In reviewing the granting of a motion to dismiss, the allegations of fact contained in plaintiff's petition are treated as true and all reasonable inferences arising therefrom. *Lovelace v. Long John Silver's, Inc.,* 841 S.W.2d 682, 684 (Mo.App.1992). Inasmuch as this case was dismissed pursuant to respondent's motion to dismiss, the petition should be favorably construed giving the plaintiff the benefit of all inferences fairly deducible from the facts. *Dowdy v. Lincoln National Life Ins. Co.,* 384 S.W.2d 282, 286 (Mo.App.1964).

■ Respondent contracted with Maecorp, Inc. to monitor water quality under certain property. Maecorp contracted with appellant to drill the water wells necessary to accomplish the task. Respondent did not require Maecorp to furnish a payment bond and alleges now (at oral argument) that this contract was for services and not subject to § 107.170 RSMo and that the gathering of information is not subject to the statute. However, the respondent conveniently overlooks the fact that before information may be obtained, specific work must be performed, i.e., the drilling of the wells. Respondent further contends appellant should have secured a mechanic's lien to protect their interest. However, pursuant to § 429.010 RSMo, 1986, a mechanic's lien is not viable or enforceable against property owned by the government and devoted to public use. *Redbird Engineering v. Bi–State Development,* 806 S.W.2d 695 (Mo.App.1991). Only property held for the benefit of the public which can be determined to be reasonably necessary for public use is exempt. Certainly the monitoring of well water is necessary for the public

use and welfare. The wells were not subject to a mechanic's lien, and the position of respondent in this regard is in error.

If a trial court fails to state a basis for its dismissal we will presume it is based on grounds stated in the motion to dismiss. *Davis v. Carmichael*, 755 S.W.2d 679, 680 (Mo.App.1988). In the instant case, the trial court sustained defendant's motion to dismiss because "the defendant is under no obligation to require payment bond, and therefore, plaintiff fails to state a cause of action for which relief can be granted." The trial court erred in its granting of the motion to dismiss. We hold that § 107.170 protects those who furnish labor, or materials or both for public work projects. The statute sets forth the essential elements 1) a duty in entering a contract for public works of any kind, 2) every "contractor" performing such work shall give a bond, and 3) the bond shall be for payment of all labor and materials consumed or used in connection with the project.

■ Section 107.170 provides that:

1. It is the duty of all officials ... or agents of the state ... in making contracts for public works of any kind to be performed for the state ... to require every contractor for such work to furnish to the state ... a bond with good and sufficient sureties ... and such bond ... shall be conditioned for the payment of any and all materials ... equipment and tools, consumed or used in connection with the construction of such work ... and for all labor performed in such work whether by subcontractor or otherwise.

The purpose of this statute is to afford laborers and material men involved in public works the same measure of protection afforded under the Mechanic's Lien law. *Reorganized School Dist. R-3 v. L.D. Compton Const. Co.*, 483 S.W.2d 674 (Mo.App.1972). The ultimate end use of these wells is to perform a public service by monitoring the water quality. Such a service is covered under § 107.170. Professional services are also covered under this section. *Energy Masters Corp. v. Fulson*, 839 S.W.2d 665, 668 (Mo.App.1992). The purpose of this section is to provide persons furnishing labor and materials the bond security in lieu of a mechanic's lien which are not applicable to public works. *State ex rel. Francesconi v. Aetna Casualty and Surety Co.*, 350 S.W.2d 418, 419 (Mo.App.1961).

■ The sub-contractor's remedy on a public works project for non-payment is to file a claim under the bond provided. *City of Keytesville v. Kelco Industries, Inc.*, 773 F.Supp. 1264 (E.D.Mo.1991). A mechanic's lien will not lie as to public work. Thus, the position of respondent that appellant had mechanic's lien protection is in error.

Section 107.170 should be broadly interpreted to effectuate its statutory meaning. *Finch Equipment Corp. v. Frieden*, 901 F.2d 665, 667 (8th Cir.1990). "The question as to whether property is reasonably necessary for public use must ultimately be determined judicially." *Redbird Engineering*, 806 S.W.2d at 698, citing *Burgess v. Kansas City*, 259 S.W.2d 702, 704 (Mo.App.1953). We have no difficulty determining that testing water quality from test water wells is necessary for public safety. Therefore, the testing and wells involves property reasonably necessary for public use. As such it is exempt from mechanic's liens.

The judgment of the circuit court is reversed and the cause is remanded for further proceedings consistent with this opinion.

All concur.