STATE of Missouri, ex rel, James GRIFFIN, Plaintiff/Appellant,

v.

R.L. PERSONS CONSTRUCTION, INC., Defendant/Third–Party Plaintiff/Respondent,

and

United States Fidelity and Guarantee Company, a foreign insurance company, Defendants/Respondents

v.

Gaylon Griffin, d/b/a Griffin Electric, Third–Party Defendant/Respondent.

No. 26562.

Missouri Court of Appeals, Southern District, Division Two.

June 12, 2006.

John M. Allbright, Poplar Bluff, for appellant.

Ralph Innes, Poplar Bluff, for respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen. & Michael Pritchett, Jefferson City, for Amicus Curiae.

ROBERT S. BARNEY, Judge.

On November 21, 2005, this Court issued an opinion in this cause. On March 1, 2006, the Supreme Court of Missouri sustained an application for transfer to that court. On May 31, 2006, the Supreme Court entered an order re-transferring the cause to this Court. The original opinion of this court, which follows, is now readopted and reissued.

James Griffin ("Appellant") appeals the trial court's entry of judgment against him and in favor of Respondents R.L. Persons Construction, Inc. ("RLP") and United States Fidelity and Guarantee Company ("USF & G") (collectively "Respondents").[1] The trial court's judgment in favor of Respondents was based on Respondents' affirmative defense that Appellant's cause of action for unpaid wages under the Prevail-

---

1. Third-party defendant Gaylon Griffin, d/b/a Griffin Electric ("Griffin Electric"), the subcontractor in the matter at issue, does not join in this appeal. RLP brought a third-party petition against Griffin Electric alleging that Griffin Electric was liable "for any and all sums of money" associated with RLP's defense of the suit brought by Appellant. The trial court's judgment reflects that Gaylon Griffin did not appear at the trial and "his pleadings had been stricken" for reasons unclear to this Court.

ing Wage Act ("the Act"), sections 290.210—290.340, was untimely due to the three-year statute of limitations set out in section 516.400.[2] He raises one point in his appeal, discussed below. We affirm the judgment of the trial court.

■ In reviewing a court-tried case, we must affirm the trial court's judgment unless the judgment is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). In the present matter, the record reveals that in 1998 RLP, a general construction contractor, received a public works construction contract to build Blanchard Elementary School ("the project") in Cape Girardeau, Missouri. RLP took out a payment and performance bond with USF & G to cover

the project. *See* § 107.170.2.[3] RLP then entered into a subcontract agreement with Gaylon Griffin of Griffin Electric.[4] Appellant, who began working for Griffin Electric in August of 1999, was paid $12.70 per hour for his work on the project and also received "time and a half" for the overtime hours he worked. Appellant worked on the project until December of 1999.

On March 26, 2003, Appellant filed a petition against RLP and USF & G alleging he was underpaid because he was not paid the prevailing wage for the work he performed on the project. *See* § 522.300.[5] He sought the relief provided by section 290.300 of the Act.

In its judgment, the trial court found Appellant began working on the project in September 1999; that he ceased working

---

**2.** In part, section 290.230.1 sets out:

> Not less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed, and not less than the prevailing hourly rate of wages for legal holiday and overtime work, shall be paid to all workmen employed by or on behalf of any public body engaged in the construction of public works, exclusive of maintenance work.

Additionally, section 290.300 states:

> Any workman employed by the contractor or by any subcontractor under the contractor who shall be paid for his services in a sum less than the stipulated rates for work done under the contract, shall have a right of action for double whatever difference there may be between the amount so paid and the rates provided by the contract together with a reasonable attorney's fee to be determined by the court, and an action brought to recover same shall be deemed to be a suit for wages, and any and all judgments entered therein shall have the same force and effect as other judgments for wages.

Section 516.400 sets out:

> All actions upon any statute for any penalty or forfeiture, given in whole or in part to the party aggrieved, shall be commenced within three years after the commission of the offense, and not after.

All statutory references are to RSMo 2000, unless otherwise stated.

**3.** "Section 107.170.2 requires public agencies that contract for public works 'the cost of which is estimated to exceed twenty-five thousand dollars,' to require contractors to provide performance bonds that include conditions for payment for 'labor performed in such work whether by subcontractor or otherwise.' " *Board v. Eurostyle, Inc.,* 998 S.W.2d 810, 812 (Mo.App.1999) (quoting § 107.170.2). "Workers on public works construction projects have the right to sue on any bond executed pursuant to [section] 107.170 that covers the project on which they worked." *Id.* at 813. Section 107.170 "afford[s] laborers and materialmen the same measure of protection in public construction as that afforded by the mechanic's lien law in the private sector." *Reorganized School Dist. R–3, Potosi v. L.D. Compton Const. Co.,* 483 S.W.2d 674, 676 (Mo.App.1972).

**4.** Gaylon Griffin is no relation to Appellant.

**5.** "Section 522.300 confers on those performing labor or furnishing materials in public building projects the right to sue in the name of the public body for his use or benefit to recover the amount due him." *Reorganized School Dist. R–3,* 483 S.W.2d at 676.

on the project in December 1999; and that he filed his cause of action on March 26, 2003. The trial court also opined that because this Court held in *Missouri ex rel. Laszewski v. R.L. Persons Constr., Inc.*, 136 S.W.3d 863 (Mo.App.2004), "that the statute of limitations for prevailing wage cases is three years from the date the work commenced, pursuant to [section] 516.400," Appellant's "action [was] barred by the statute of limitations on the face of his pleadings." Accordingly, the trial court entered judgment in favor of Respondents and this appeal followed.

■ We observe that a statute of limitations allows a cause of action to accrue and then cuts off the claim if suit is not filed within a certain period of time. *Lomax v. Sewell*, 1 S.W.3d 548, 552 (Mo.App. 1999). "Generally, a statute of limitations commences running when the right to bring a suit accrues." *Beavers v. Rec. Ass'n of Lake Shore Estates, Inc.*, 130 S.W.3d 702, 715 (Mo.App.2004). As a general rule, the right to bring suit accrues and the statute of limitations is set into motion "[w]hen the *fact of damage* becomes capable of ascertainment ..." even if the actual amount of damage is unascertainable. *M & D Enters., Inc. v. Wolff*, 923 S.W.2d 389, 394 (Mo.App.1996). "Normally, the running of the statute [of limitations] is a question of law for the trial court to decide." *Straub v. Tull*, 128 S.W.3d 157, 159 (Mo.App.2004). "Such questions of law are granted *de novo* appellate review with no deference being paid to the trial court's determination of law." *Id.*

■ In his sole point on appeal, Appellant maintains the ten-year statute of limitations set out in section 516.110 [6] is the applicable statute of limitations relating to his claim, because it "applies to the cause of action as [Appellant] has pled it, an action on a bond...." [7] Appellant asserts that the trial court's application of the three-year statute of limitations set out in section 516.400 is inapplicable to suits for double wages brought under the Act. Appellant opines that section 516.400 is only applicable "to penalties or forfeitures and, while [section] 290.300 [of the Act] does allow underpaid workmen to recover double their unpaid wages, this is not a 'penalty or forfeiture[,]' in that the increased damages are linked to the extent of the harm [and] ... serve[ ] the purpose of compensating workmen ..." for expenses associated with bringing such a suit.

In *Laszewski*, a laborer ("Laszewski") sought "unpaid wages" under the Act against the same Respondents as in the instant case. *Laszewski*, 136 S.W.3d at 865. Among their arguments in *Laszewski*, Respondents contended that Laszewski's claim was governed by either the one-year statute of limitations applicable to penal laws in section 516.380 or the two-year statute of limitations for unpaid wages, set forth in section 290.527. In its judgment, the *Laszewski* trial court set out that:

**6.** Section 516.110, provides, in pertinent part that the following actions shall be commenced within ten years: "(1) An action upon any writing, whether sealed or unsealed, for the payment of money or property...."

**7.** In the argument portion of Appellant's brief he also argues that the five-year statute of limitations set out in section 516.120 is applicable to the present matter; however, Appellant failed to mention that section in his point

relied on. The argument portion of an Appellant's brief "is limited to only those errors asserted in the points relied on." *Stickley v. Auto Credit, Inc.*, 53 S.W.3d 560, 563 (Mo. App.2001). When "the arguments asserted under each point exceed the arguments raised in the points relied on," it is a violation of Rule 84.04 and such arguments will not be considered on appeal. *Id.* at 564.

The court will assume that the prevailing wage statute is a penal statute covered by [sections] 516.380—516.420. The present action was commenced within three years of when [Laszewski] began work and pursuant to [section] 516.400 is timely. The penalty portion of the prevailing wage act appears in [section] 290.300 and vests any underpaid workmen with a cause of action for double his underpaid wages. These double damages are not recoverable by anyone who should choose to prosecute, therefore this cause of action does not fall within the parameters of [section] 516.380 and its one-year statute of limitations. The penalty for back due wages is not collectable by the State, which removes this case from the two-year statute of limitations specified in [section] 516.390. The penalty provided by [section] 290.300 is only collectable by underpaid workmen and the cause of action is governed by the statute of limitations set forth in 516.400 and is a three-year statute of limitations.... *This cause of action having been commenced within three years is therefore timely.*

*Id.* at 872–73 (emphasis added) (internal citations omitted). In affirming the trial court's determination as to this issue, this Court found there was "no fault with the trial court's reasoning concerning the law...." *Id.* at 873.

While acknowledging *Laszewski,* Appellant attempts to differentiate it from the present matter by asserting that the holding in *Laszewski* is "not clear" and that it is of dubious "presidential [sic] value." He maintains that because "[f]or nearly a century, public entities have been required to obtain bonds on public works projects," Appellant's underlying prevailing wage action is actually a suit on a bond, thus bringing it within the purview of the ten-year statute of limitations for actions on bonds. We disagree.

'The public policy of this state with respect to wage earners working on public works construction projects is 'that a wage of no less than the prevailing hourly rate of wages for work of a similar character in the locality in which the work is performed shall be paid to all workmen employed by or on behalf of any public body engaged in public works exclusive of maintenance work.' *Board,* 998 S.W.2d at 814 (quoting § 290.220). "The statutes applicable to prevailing wages on public works, [sections] 290.210 to 290.340, provide the mechanism for implementing that policy." *Id.* "Missouri statutes clearly place the onus for compliance with prevailing wage laws applicable to public works construction projects on the contractor." *Id.* at 813. "They require contractors to obtain performance bonds that assure payment of wages earned by their workers and workers employed by subcontractors." *Id.* The purpose of the Act is "to ensure that workers on public projects be paid reasonable wages." *Long v. Interstate Ready–Mix, L.L.C.,* 83 S.W.3d 571, 574 (Mo.App.2002). The Act is remedial in nature in that it was enacted in the interest of public welfare. *Id.* Accordingly, the Act must be interpreted "broadly so as to accomplish the greatest public good." *Id.*

"In the broad view, a 'penalty' is defined as 'a sum of money of which the law exacts payment by way of punishment for doing some act that is prohibited.'" *Julian v. Burrus,* 600 S.W.2d 133, 141 (Mo.App. 1980) (quoting 70 C.J.S. *Penalties* § 1, pp. 387–389). The term "penalty" "is an elastic term with many different shades of meaning." *Id.* (quoting 70 C.J.S. *Penalties* § 1, pp. 387–389)). In *Tabor v. Ford,* 241 Mo.App. 254, 240 S.W.2d 737, 739 (1951), the appellate court noted that "if a statute imposes a penalty or forfeiture, *to be recovered by the Government,* then the statute is regarded as penal and not reme-

dial." (Emphasis added.) On the other hand, "if a statute imposes a penalty or forfeiture *which accrues to the party aggrieved, to be recovered by private action, although not limiting the right of recovery to the amount of actual loss,* it is remedial and not a penalty statute." *Id.* (emphasis added).

Here, the Act expressly provides, in section 290.300, for a remedy beyond that of simple restitution of wages to the workman from an offending contractor or subcontractor who has violated the prevailing wage provision of the Act. This remedial measure permits a workman to seek "double whatever difference there may be between the amount so paid and the rates provided by the contract together with a reasonable attorney's fee...." § 290.300. This added remedy provided by section 290.300 is, in essence, a "private" penalty, in favor of a workman against an offending contractor or sub-contractor, as opposed to a penalty which is paid to the government. *See Tabor,* 240 S.W.2d at 740.

We are aware that in *Miner v. Howard,* 93 Mo.App. 569, 67 S.W. 692, 693 (1902), the reviewing court recognized that section 516.110, the ten-year statute of limitations, is generally applicable to actions on surety bonds. However, that holding predates by over fifty years the enactment by the General Assembly of the Prevailing Wage Act. *See Long,* 83 S.W.3d at 574, and the remedial measures contained in section 290.300.

▆ Furthermore, neither section 107.170 nor 522.300 "impose[ ] any limitation upon the claimant in the giving of notice or filing of suit." *Reorganized School Dist. R–3,* 483 S.W.2d at 676. While section 290.300 makes no express mention of a period of limitation, it does expressly provide a private penalty in favor of a workman and against an offending contractor or subcontractor for violating the prevailing hourly wages provision of a project contract. In this connection, section 516.400 provides that in "[a]ll actions upon any statute for any penalty or forfeiture, *given in whole or in part to the party aggrieved,* shall be commenced within three years after the commission of the offense, and not after." (Emphasis added). Clearly, the enforcement of the private penalty provisions of section 290.300 falls squarely within the three-year statute of limitations found in section 516.400, as contrasted with the more general provisions of section 516.110 providing, among other things, for actions "upon any writing, whether sealed or unsealed, for the payment of money...." § 516.110(1). " 'Where one statute deals with a particular subject in a general way, and a second statute treats a part of the same subject in a more detailed way, the more general should give way to the more specific.' " *Massage Therapy Training Inst., L.L.C., v. Missouri State Bd. of Therapeutic Massage,* 65 S.W.3d 601, 608 (Mo.App.2002) (quoting *Casey v. State Bd. Of Reg. of Healing Arts,* 830 S.W.2d 478, 481 (Mo.App.1992)).

Here, Appellant's petition was filed outside the three-year statute of limitations set out in section 516.400, and his petition was barred. *See Laszewski,* 136 S.W.3d at 872–73. Once the statute of limitations expired and barred Appellant's claim, Respondents acquired a vested right to be free from such a suit. *See Doe v. Roman Catholic Diocese,* 862 S.W.2d 338, 341 (Mo. banc 1993). The trial court's ruling that Appellant's suit was time barred was not in error. Point denied.

The judgment of the trial court is affirmed.

SHRUM, P.J., and GARRISON, J., concur.