STATE OF MISSOURI ex rel. CURFMAN BROS., Appellants, v. GEORGE S. MILLER et al., Respondents.

**Kansas City Court of Appeals, April 1, 1907.**

1. **ROAD COMMISSIONER: Contractor's Bond: Payment for Material.** The statute requires the road commissioner on letting a bridge to take bond from the contractor to cover all damages which may accrue from the breach of the bridge contract, and it does not require him to take a bond for the payment of all material used and labor performed in such work; this latter duty devolves upon the county court and not upon the road commissioner and he and his bondsmen are not liable for failure to take such bond.

2. ——: ——: ——. The protective provisions of sections 5186 and 6761, Revised Statutes 1899, may reasonably be inserted in the same bond, but such act does not affect the road commissioner's duty.

Appeal from Nodaway Circuit Court.—*Hon. William C. Ellison,* Judge.

AFFIRMED.

*A. F. Harvey* and *T. A. Cummins* for appellants.

(1) A mistake as to his duty will not excuse the offender. School Board v. Hull, 72 Mo. App. 403; State ex rel. v. Adams, 101 Mo. App. 470; Knox County v. Hunolt, 110 Mo. 67; Insurance Co. v. Leland, 20 Mo. 177; Steadley v. Stuckey, 113 Mo. App. 585; Clark v. Miller, 54 N. Y. 528.

*J. B. Newman* and *Anthony & Ford* for respondents.

(1) The statute relied on (R. S. 1899, secs. 6761, 6762) creates no liability against the county or any one else for failure to take bond conditioned for the payment for all material used. (2) The chapter on bridges is as it were, a code unto itself, and section 5187 contains no such provision as appellants would read into it. State ex rel. v. Woodson, 128 Mo. 512; Bryson v. Johnson County, 100 Mo. 85. (3) The obligations of the sureties on bonds cannot be extended by implication. It is incumbent on appellants to show that the defendants are liable. Harrisonville v. Porter, 76 Mo. 358; Blair v. Ins. Co., 10 Mo. 567. (4) We say the Bridge Statute is like the Forcible Entry and Detainer—a code unto itself, or like the revenue law. Hubbard v. Texas County, 101 Mo. 212; Carter v. Tindall, 28 Mo. App. 319; McCarroll v. Kansas City, 64 Mo. App. 288; Butler v. County, 108 Mo. App. 639. Plaintiff's petition states no cause of action.

ELLISON, J.—The county court of Nodaway county, in due form of law, directed the defendant, as road commissioner for such county, to let a contract for building a certain bridge. The commissioner did so and took a bond of the contractor in a penalty sufficient to cover all damage, which would accrue from a breach of the contract, as is provided in section 5187, Revised Statutes 1899, reading as follows: "He shall let the same, subject to approval or rejection by the court, by public outcry or by sealed bids at the option of the court or commissioner, to the person making the lowest bid. If such letting be approved by the court, it shall make an appropriation for building such bridge, and order the commissioner to contract therefor at the price let, who, in contracting, shall take bond, payable to the county, with two good and sufficient householders as securities, in such penalties as he shall deem sufficient to cover all

damages which may accrue from the breach of such contract." Section 5185 of the statute, requires the county court to direct the commissioner to make an estimate of the cost of the bridge according to plans ordered by the court. It is provided by section 6761 that counties contracting public work shall require every contractor to execute a bond to pay for material and labor used in such work; and by section 6762 of the statute, the person furnishing material or doing labor may sue on such bond. Section 6761 aforesaid is as follows: "All counties, cities, towns and school districts making contracts for public work of any kind to be done for such county, city, town or school district, shall require every contractor to execute a bond with good and sufficient securities, and such bond among other conditions shall be conditioned for the payment for all material used in such work, and all labor performed on such work, whether by subcontract or otherwise."

The commissioner did not take a bond of the contractor for the payment of material and these relators having furnished material to the contractor for building the bridge and being unable to collect payment of him, brought this action on the bond of the road commissioner which is conditioned for a faithful discharge of his duties according to law. The breach of the bond charged in the petition is that the commissioner failed to require the bridge contractor to give a bond for the payment of material, and that in consequence he has been damaged in the sum of $542.25. The defendants filed a demurrer to the petition on the ground that it did not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer and plaintiff appealed.

It is plain that this defendant and his sureties can only be held liable for a failure to perform some duty required of him by law. The only bond *he* was required to take of the contractor was one which would cover

all damages which might accrue from a breach of the contract to build the bridge, and the contract referred to is the one mentioned in section 5185 aforesaid, that is, to build according to plans approved by the county court.

It is true that the statute aforesaid (section 6761) requires a bond to be taken of the contractor, conditioned for payment to materialmen and laborers of what may be due them. But that is a duty enjoined upon the county courts and not the commissioner. The statute reads that "all *counties* . . . shall require every contractor to execute a bond," etc. In this case, the county (which of course is the county court, Press Brick Co. v. School Dist., 79 Mo. App. 665) did not make the requirement, and hence the bond was not taken. The omission was in no way chargeable to the defendant commissioner.

Section 6761 was enacted subsequently to section 5187, and it is quite reasonable to suppose that the Legislature intended that the protective provisions in each section should be inserted in one bond; though they would doubtless be valid if put into two bonds, one covering each section. However that may be, there is no duty enjoined by law upon the road commissioner to take a bond with conditions prescribed in the former section.

The judgment is affirmed. All concur.