C. A. BURTON MACHINERY COMPANY, Appellant, v. EFFIE M. RUTH, Executrix of the Estate of H. I. RUTH, Deceased; L. WORTH CHAPMAN, D. A. RANDALL, E. E. GRAHAM, CHARLES E. LANGLEY and JOHN BERRYMAN, Respondents.

Springfield Court of Appeals, June 26, 1916.

1. SCHOOLS AND SCHOOL DISTRICTS: City School Districts: Statutes. The school district of a city of the third class is a "city school district" (Sec. 10775, R. S. 1909) and consequently a body corporate.

2. MECHANICS' LIENS: Not Against One Contracting With a School District. Materialmen and laborers have no lien for material furnished and labor performed with a school district or other similar corporation.

3. DAMAGES: Action Against Public Officer: Failure to Perform Ministerial Act Required by Statute. Where the law requires absolutely a ministerial act to be done by a public officer and he refuses or neglects to do that act, he is liable in damages at the suit of a person injured, and a mistake as to his duty and an honest intention is no defense.

4. **OFFICERS: Public Officers: Refusal to Perform Duty: When Not Personally Liable.** A public officer who is a member of a corporate body upon which a duty rests cannot be held liable for the neglect of duty of that body. If such body refuse to exercise its power it is the refusal of the body and not of the individuals composing it.

5. **DEFINITION: Ministerial Act.** A ministerial act is one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate or legal authority, without regard to or the exercise of his own judgment upon the propriety of the acts being done.

6. **OFFICERS: Ministerial Powers: When Not Liable for Non-Performance.** Where a public officer is by law vested with discretionary ministerial powers and he acts within the scope of his authority, he is not liable for damages for any error in judgment unless guilty of corruption or wilful violation of law.

7. **SCHOOLS AND SCHOOL DISTRICTS: School Directors: When Liable to Materialmen.** The directors of a school district failed to require bond from contractors with the district as required by Sec. 1247, R. S. 1909, (amended Laws 1911, p. 106.) Such directors were liable to a materialman for material sold to the insolvent contractors.

Appeal from Butler County Circuit Court.—*Hon. J. P. Foard,* Judge.

REVERSED AND REMANDED.

*Lew R. Thomason* for appellant.

*David W. Hill, Mozley & Green* and *Sheppard & Sheppard* for respondents.

ROBERTSON, P. J.—This action was originally against H. I. Ruth and the other defendants above named (except Effie M. Ruth). After the appeal was taken he died and the action was revived against the executrix, said Effie M. Ruth, his widow. The original defendants constituted the board of directors of School District Number thirty-seven of Poplar Bluff, as it is alleged in the petition upon which plaintiff seeks to recover of them the value of certain material sold by it to insolvent contractors with said district. The liability is based on the theory that since they failed to

require any bond, as was their duty under section 1247, Revised Statutes 1909, as amended by Laws 1911, pages 106 and 107, they must respond in damages. Said section, as amended, reads as follows: "It is hereby made the duty of all officials, boards, commissions or agents of the State, or of any county, city, town, township, school or road district in this State, in making contracts for public work of any kind to be performed for the State, county, town, township, school or road district, to require every contractor for such work to execute a bond to the State, county, city, town, township, school or road district, as the case may be, with good and sufficient sureties, and in an amount to be fixed by said officials, boards, commissions, commissioners or agents, and such bond, among other conditions, shall be conditioned for the payment of material used in such work and for all labor performed in such work, whether by sub-contractor or otherwise." The defendants' demurrer to the petition was sustained, plaintiff refused to further plead and the cause was dismissed. Plaintiff has appealed.

Poplar Bluff being a city of the third class the school district of which defendants were directors is what is known as a "city school district." (Section 10775, R. S 1909) and consequently a body corporate. [Section 10864, R. S. 1909.]

It is clear that since materialmen and laborers have no lien for their material furnished or work done for one contracting with a school district, or other similar corporation, the section of the statute which we have just quoted was intended to be a protection to the classes which would otherwise be protected by our mechanics' lien law. [Jackson County ex rel. v. Freeborn Engineering & Construction Co., 174 Mo. App. 28, 35, 160 S. W. 274.] But the question we must decide is whether or not there is any liability on the part of the directors of a school district to a materialman who has furnished supplies to a contractor, relying upon the belief that a bond has been taken as required by said section, the directors having made no effort to have such bond given.

"It is well settled rule that where the law requires absolutely a ministerial act to be done by a public officer, and he neglects or refuses to do the act, he is liable in damages at the suit of a person injured. In such cases a mistake as to his duty and an honest intention is no defense. [Amy v. Supervisors, 11 Wall. 136; Ins. Co. v. Leland, 90 Mo. 177, 2 S. W. 431; Mechem on Officers, sec. 664.]'' [Knox County v. Hunolt, 110 Mo. 67, 74 and 75, 19 S. W. 628; Steadly v. Stuckey, 113 Mo. App. 582, 585, 87 S. W. 1014; State ex rel. Wheeler v. Adams, 101 Mo. App. 468, 471, 74 S. W. 497.]

The St. Louis Court of Appeals in the case of Hydraulic Press Brick Co. v. School District of Kirkwood, 79 Mo. App. 665, held directors were not individually liable for failure to take a bond as required by the then existing statute, which is virtually the same as it now stands except that when it provided that the "school district" should require a bond of the contractor. It was there observed that the statute did not point out "the directors of school districts as the persons or collection of persons who shall require the contractor to give the bond," and upon that phase of the law the decision turned and is distinguishable from the case at bar. The Kansas City Court of Appeals refers to this feature of the statute in State ex rel. Curfman Bros. v. Miller, 123 Mo. App. 730, 733, 101 S. W. 616. In 1909 (Laws 1909, page 382; R. S. 1909, section 1247) the section was changed to read as now, except by the amendment of 1911 the board is to fix the amount of the bond. So far as we are advised the question before us has not been squarely decided by any appellate court in this State.

It seems that in Michigan a law somewhat similar to ours is in the statutes. In the case of Owen v. Hill, 67 Mich. 43, 34 N. W. 649, there appears an opinion in which it is stated that fixing the amount of the bond and determining the solvency of the sureties involve in a limited measure the exercise of judicial functions, but it is said these functions are not so connected with the ministerial duty of requiring the bonds as to be

inseparable, nor the performance of one to involve the exercise of the other. "In neglecting to require a bond at all, the board neglected the performance of a plain ministerial duty imposed by statute, and it is well settled that when the law casts a duty upon a person which he refuses or fails to perform, he is answerable in damages to those whom his refusal or failure injures." It is further stated that even if all the acts were judicial yet the directors would be liable for failing to undertake to exercise them.   The court was equally divided on this opinion, but later, by three to two, in Plummer v. Kennedy, 72 Mich. 295, 40 N. W. 433, it is approved and in Wells v. Board of Education of West Bay City, 78 Mich. 260, 44 N. W. 267, by unanimous opinion, it was accepted as good law.

The opinion in Rhea County v. Sneed, 105 Tenn. 581, 56 S. W. 1063, holds that a county commissioner is liable for failure to take bond, but no quotation is made from the statute, so we cannot compare it with ours.

In Minnesota the failure to require bond is by statute made an offense for which recovery is therein provided. [Wilcox Lumber Co. v. School District, 106 Minn. 208, 118 N. W. 794.]

The syllabus to the case of Minnier v. Godbold, 116 La.—,40 So. 604, 5 L. R. A. (N. S.) 463, is as follows: "A public officer who is a member of a corporate body upon which a duty rests cannot be held liable for the neglect of duty of that body. If there be a refusal to exercise the power of such body, it is the refusal of the body, and not of the individuals composing it.   The official action of its different members is merged into the official action of the board itself as an entirety." The Hydraulic Press Brick Co. case, supra, is cited with approval and it will be observed that the same proposition is involved in the two cases.

The statute under consideration unquestionably and absolutely imposes on school directors the duty of requiring a bond.   The change in the law after the decision of the St. Louis and Kansas City Courts of Appeal was likely prompted by the holdings of those

courts. The difficulty is in determining whether the duty to require the bond is so connected with the fixing of the amount of it and the approving of the sureties thereon, conceding these acts to be judicial, as to make the entire duty to be performed discretionary, for the failure to perform which no liability for damages should be imposed. In the discussion of such questions the line of demarcation is usually fixed as between ministerial and judicial acts, and difficulty arises in undertaking to apply to any given state of facts the correct appellation. In Bouvier's Law Dictionary we find a definition, which in substance possesses the standard of all definitions we have seen, as follows: "A ministerial act may be defined to be one which a person performs in a given state of facts, in a prescribed manner, in obedience to the mandate or legal authority, without regard to or the exercise of his own judgment upon the propriety of the acts being done." In considering and applying the rules of law to the cases in hand we must not overlook the provision of the law that in addition to it imposing upon the *members* of the board of directors the duty of *requiring* a bond and determining the solvency of the sureties the body corporate of which they are members must fix the amount of the bond, although it must be conditioned for paying the materialmen and for *all* labor. Even though these latter acts may be partially ministerial yet the following statement of the law, made in the Knox County case, supra, is applicable and must be observed: "But where the public officer is by law vested with discretionary ministerial powers, and he acts within the scope of his authority, he is not liable in damages for any error of judgment, unless guilty of corrupt or willful violation of the law. He is not liable for an honest mistake." Another difficulty we encounter in the case at bar is in reaching the correct conclusion as to what the members of the school board must and can do individually and what acting in their corporate capacity, in the matter of taking the bond and approving the sureties and how the individual acts are connected with and affected by the corporate acts. The section

is peculiar in its provision concerning the amount of the bond. It first provides that the *board* shall fix the amount and subsequently that it shall be conditioned for the payment of material used and for all labor performed, so it seems that the only judgment to be exercised by the *board* is to get the amount sufficiently large to cover the items mentioned in the section. It is also noticeable that the determination of the sufficiency of the sureties is not a duty cast upon the *board*. In considering this case we are not unmindful of the fact that the members of school boards are called upon to perform arduous duties, requiring much time and work for which they receive no money consideration. Two members of this court are at this time members of school boards and speak from experience, yet there is no law compelling any person to serve against his will, and when the office is accepted the burdens, as well as the honor, should go with it. The purposes which the section of the statute under consideration were intended to serve are commendable and must not be overlooked or ignored in considering the law. It is not intended that school districts should get the benefit of the property and labor of others without such persons receiving compensation therefor. If the mechanics' lien law extended to such cases they would be amply protected, but since it does not, if a contractor defaults and no bond has been required, the materialman and the laborer must suffer the loss caused by the neglect of the members of the board of directors, unless they are made to respond in damages, so, to say the least, the equities of the parties involved in cases of this kind do not lie exclusively with the school officials.

Making an application of the statute under consideration to the facts involved we must hold that it is the imperative duty of all officials or agents of school districts to *require* the bond. It is conceded, by reason of the demurrer and for the purposes of our decision, this was not done, and that these defendants were derelict in that regard. We must also assume that if the bond had been required only solvent sureties would have

been accepted and that the amount of the bond would have been fixed sufficiently large to cover the conditions provided for by the statute. Until the directors performed the individual duty of *requiring* the bond, imposed upon them alone, the board as such, could not fix the amount. It might be argued that until the amount is fixed no bond could be demanded, but until the bond is *required* there is no necessity for determining the amount. We suggest that the statute may bear the construction that the bond would be sufficient if no amount were fixed, as the conditions are otherwise prescribed and the limits of the liability thus determined. By the statute under consideration the members of the board, individually, have a duty to perform and until it is discharged and the bond is *required* the way is not opened for a further compliance with the law. The directors, personally, hold the key to the whole situation and their duty in this regard does not involve the exercise of discretion, but it is absolute, and wholly disconnected with the subsequent requirements. There is no onerous task imposed by this law. It is an easy thing to say to a proposed contractor that he must provide a bond, conditioned as required by law, with sufficient sureties and in an amount to be fixed by the board. We hold that the petition in this case states a cause of action.

The judgment is reversed and the cause remanded. *Farrington* and *Sturgis, JJ.,* concur.