EDWIN A. AUSTIN, Respondent, v. HENRY C. RANS-
DELL, et al., Apellants.

Kansas City Court of Appeals, May 2, 1921.

1. **SCHOOLS AND SCHOOL DISTRICT:** Members of School Board are Liable in Damages for Failure to Obtain Contractor's Bond Conditioned as Required by Statute. Failure to require bond of contractor conditioned for payment of material used in work, as provided by section 1040, Revised Statutes, 1919, renders members of school board, omitting to perform their statutory duty, liable in damages to injured person.

2. **JUDGMENT:** Parties: Defendants not Being Parties to Proceeding Against Contractor not Bound by Judgment Against Him. Where the defendants were not parties to an action resulting in judgment against contractor they were not bound thereby.

3. **ACCOUNT STATED:** Failure of Person not Original Party to Account to Deny or Dispute Same Does not Constitute Account Stated. A letter written by materialman stating amount of his claim, and failure of president of school board to deny or dispute amount thereof did not have effect of rendering plaintiff's claim an ac-

count stated as it would were correspondence between original parties to account.

4. **SCHOOLS AND SCHOOL DISTRICT: Members of School Board Failing to Obey Statute Liable for actual Loss Sustained.** Where defendants were not sureties or guarantors of contractors and their liability arose solely because of their failure to obey·statute whereby a loss occurred to materialmen in furnishing contractor materials used in construction of building, plaintiffs right of recovery and measure of damages is the actual loss sustained.

5. ————: **Before Recovery Had Against Members of School Board Must Show Material Sold Entered into Construction of Building, and that Recourse Against Contractor was Unavailing.**

6. ————: **Interest: Not Allowable Against Members of School Board Failing to Perform Statutory Duty.** A suit against members of school board failing to perform statutory duty, not being upon a contract, but based upon failure or neglect to perform said duty, interest was not allowable as the cause of action does not come within provisions of sections 4222 or 6491, Revised Statutes 1919, relating to interest.

Appeal from the Circuit Court of Clinton County.—*Hon. Alonzo D. Burnes,* Judge.

REVERSED AND REMANDED.

'   *John C. Landis, Jr.* and *Richard M. Duncan* for respondent.

*R. H. Musser* for appellants.

TRIMBLE, P. J.—The School Board of the Gower School District in Clinton County, Missouri, contracted with a firm of contractors, composed of George W. Wright and George G. Wright doing business under the name of George W. Wright & Son, for the erection of a high school building. The bond exacted of the contractors by the board was not ''conditioned for the payment of material used in such work'' as required by section 1040, Revised Statutes 1919.

After erecting the building, Wright & Son failed to pay one, Agard, for materials alleged to have been sold

to and used by said contractors in the erection of said building. Agard brought suit against the contractors and obtained a judgment for $808.70. Thereafter George W. Wright went into bankruptcy. Whether the other member of the firm is a bankrupt or is solvent does not appear. Nor does it appear whether anything could be realized on said judgment against the bankrupt estate of George W. Wright or whether the son, the other member of the contracting firm, could be made to pay said judgment.

Thereafter Agard, according to plaintiff's claim, assigned said judgment to the plaintiff, and the latter brought this suit against the members of the School Board based on their failure to perform the ministerial duty, required of them by said section 1040, of taking the proper bond.

A failure to perform the duty required by the aforesaid statute renders the members of the board, or at least those failing to perform their duty, liable in damages to one injured thereby. [Burton Machinery Co. v. Ruth, 194 Mo. App. 194; Same v. Same, 196 Mo. App. 459.]

In this case, however, there is no evidence, binding upon defendants, as to the amount of materials sold the contractors nor that such materials went into the building. The plaintiff introduced a certified copy of the judgment against Wright & Son, but the defendants were not parties to that proceeding and are not bound thereby. [15 R. C. L. 1006; Rigler v. McClure, 189 Mo. App. 710, 716; Hoerr v. Meihofer, 79 N. W. 964.] The letter written by Agard stating the amount of his claim and the failure of the president of the school board to deny or dispute the amount thereof, cannot have the effect of rendering the plaintiff's claim an *account stated* as it would were the correspondence between the original parties to the account.

The defendants herein sustain no relation as sureties or guarantors of the contractors, and their liability arises solely because of their failure to obey the statute where-

by a loss occurred to the materialmen in furnishing to the contractor materials used in the construction of the building. Plaintiff's right of recovery and his measure of damages is the actual loss sustained by his assignor for materials furnished the Wrights and used in the construction of the building. [Board of Education v. United States Fidelity, etc., Co., 155 Mo. App. 109, 121; 27 Cyc. 416.]

We think that before these defendants can be held upon the cause of action herein sought to be enforced, the plaintiff should show the material his assignor sold to the contractors and that the same entered into the construction of the building. Again, plaintiff should, before requiring defendants to respond in damages, show affirmatively that recourse against the contractors is unavailing, and this was not done, at least so far as concerns George G. Wright, the son. So far as the record discloses, an execution on the judgment against him would obtain the money. If so, it is hard to see how plaintiff can demand of the individual members of the Board that they pay the bill.

As the case will have to be retried, we note that there is an absence of any showing of authority on the part of Agard's *Manager* to assign the judgment to plaintiff. Also that this is not a suit on contract but is one based upon a failure or neglect to perform a duty. Hence interest is not allowable. [Jordan v. Chicago, etc., R. Co., 226 S. W. 1023, 1027.] The cause of action does not bring the claim herein demanded within either section 4222 or section 6491, Revised Statutes, 1919, relating to interest.

The judgment is reversed and the cause is remanded for a new trial. All concur.