**RUPARD ASPHALT CO., Inc.,**
Plaintiff-Appellant,

v.

**James R. O'DELL et al., Defendants-**
Respondents.

No. 24006.

Kansas City Court of Appeals.

Missouri.

Oct. 5, 1964.

O'Dell Asphalt Paving Company for certain asphalt paving work at the R–7 School; that respondents caused or permitted the School District to make the contract with O'Dell without requiring him to furnish a bond conditioned in accordance with Sec. 107.170, R.S.Mo.1959; that plaintiff furnished and delivered 377 tons of hot mix asphalt and labor equipment to O'Dell for the work O'Dell was performing under his contract with the School District at the R–7 School; that the agreed price and reasonable value thereof was $3,694.76; that said sum was due July 13, 1962; and that no part of this sum has been paid although plaintiff has made numerous demands for payment on O'Dell and the respondents."

Gene A. DeLeve and Casemore, Berman & DeLeve, Kansas City, for appellant.

Wilson D. Hill, Richmond, for respondents.

SPERRY, Commissioner.

This appeal is by plaintiff from a judgment dismissing its petition filed against defendants.

Plaintiff, Rupard Asphalt Company, Inc., was engaged in processing and selling asphalt for paving purposes. Defendant, James R. O'Dell, was engaged in the Asphalt Paving business; and defendants William Graham, Jr., Wayne Irons, Robert Coats, Lawrence Endsley, Glenn Pettus, and Glen Norris were members of the Board of Education of Elkhorn School District No. 7.

In its brief, under the heading of "Argument", plaintiff states as follows:

"Plaintiff, in its petition, has alleged that respondents were members of the Board of Education of the Elkhorn School District R–7 in Ray County, Missouri; that the School District entered into a contract with James R. O'Dell doing business as the J. R.

This petition was filed on October 6, 1962. On October 18, 1962, the defendant members of the Board of Education filed their motion to dismiss the cause as to them. On May 15, 1963, the Court sustained this motion to dismiss, on the stated grounds that, as to defendant members of the Board of Education, no cause of action was stated.

On October 17, 1963, plaintiff filed motion to set aside the above order of dismissal. On October 21, 1963, the above motion to set aside the order of dismissal was argued by the parties, by their attorneys. The order of dismissal was ordered set aside for the reason that plaintiff had not been notified of its entry at the time it was made. The record shows that plaintiff, on that day, "voluntarily dismisses petition as to James R. O'Dell".

The record shows the following, under that date:

"And now come defendants, with exception of defendant, James R. O'Dell, and file *anew their Motion to Dismiss plaintiff's* petition. The motion is taken up by the Court, arguments by defendants' and plaintiff's counsel heard, and it is ordered by the Court that defendants' school directors' motion to dismiss plaintiff's petition be, and the

same is hereby sustained. Petion dismissed."

On October 24, 1963, plaintiff filed notice of appeal, from that order of dismissal and judgment entered thereon.

 This action is based on the provisions of Sec. 107.170 V.A.M.S. The purpose of the statute is to afford a remedy to those persons who have a right to file a mechanic's lien, except the material furnished or work done was for one contracting with a School District or other public corporation. Burton Machinery Co. v. Ruth, 194 Mo.App. 194, 186 S.W. 737. The Court also there held that the statute makes it the absolute duty of members of the Board of Education, in cases similar to this, to require a contractor to furnish such a bond as is mentioned in this statute; and that, on failure to perform that duty, such offending members of the board shall be personally liable to respond in damages to persons who may have thereby suffered loss.

 Defendants contend that no cause of action was stated in the petition because the petition contained no allegation of facts to the effect that recourse by plaintiff against O'Dell, the contractor, was unavailing. It was not alleged that a judgment had been obtained against O'Dell, or that he was insolvent, bankrupt, or judgment proof. In Austin v. Ransdell, 207 Mo. App. 74, 230 S.W. 334, 335, in a similar situation we said:

"[5] We think that, before these defendants can be held upon the cause of action herein sought to be enforced, the plaintiff should show the material his assignor sold to the contractors, and that the same entered into the construction of the building. Again, plaintiff should, before requiring defendants to respond in damages, show affirmatively that recourse against the contractors is unavailing, and this was not done, at least so far as concerns George C. Wright, the son. So far as the rec-

ord discloses, an execution on the judgment against him would obtain the money. If so, it is hard to see how plaintiff can demand of the individual members of the board that they pay the bill."

Plaintiff cites no authority wherein a contradictory ruling was made. Regarding the rule declared in the Austin case, supra, plaintiff says that the judgment therein was reversed and the cause was remanded for a new trial "on other grounds, i. e., because there was no evidence as to the amount of material sold the contractor or that the materials went into the building. The language is Austin v. Ransdell is, therefore, obiter dictum."

We do not hold the language under consideration to be *obiter dictum*. The Court clearly stated *two* reasons as its grounds for reversing and remanding the case, and indicated that both stated grounds were good and valid. We hereby approve the decision in that case, on both grounds.

 Plaintiff says that, in dismissing the petition without specifying that dismissal was without prejudice, such dismissal constitutes a dismissal with prejudice, under the provisions of Civil Rule 67.03, V.A.M.R. That is a correct assertion of the law. White v. Sievers, 359 Mo. 145, 221 S.W.2d (Mo.) 118, 122, 123.

However plaintiff says that it specifically requested leave to amend if the Court should find that an allegation of O'Dell's insolvency was essential in order to state a cause of action. Plaintiff did make such a request in its "suggestions in opposition" to defendant's *first* motion to dismiss. *That* motion to dismiss was sustained. However, plaintiff filed motion to set aside the order of dismissal on the ground that it was not notified of the hearing at the time it was acted upon. The Court considered plaintiff's motion in that respect, sustained it, and set aside its order of dismissal.

After that was done, plaintiff voluntarily dismissed as to O'Dell, the contractor; and

the members of the Board of Education, the remaining defendants herein, filed their motion to dismiss, which motion was sustained. Plaintiff did not, at any time, either prior to or after that action by the Court, ask leave to amend; nor did the Court make any entry indicating that such leave was granted, or otherwise.

It can not be said that failure on the part of plaintiff to amend its petition so as to state a cause of action under the ruling in the Austin case may be excused on the ground of its having made such a suggestion in its "suggestions", filed when the first motion to dismiss was filed by defendant members of the Board of Education. At that time O'Dell was also a defendant. Plaintiff was present in Court when that order of dismissal was set aside. Plaintiff, at the time voluntarily dismissed its cause of action as against O'Dell; and it was present when, immediately thereafter, these defendants filed their motion to dismiss the cause of action then standing against *them alone*. Plaintiff knew that the Court had dismissed the petition for failure to state a cause of action against members of the Board of Education and it knew that its petition, in that respect, was not strengthened after dismissal of O'Dell. By that dismissal plaintiff, apparently, abandoned any effort to plead or prove O'Dell's unavailability for the collection of its claim. It could have requested leave to amend, if it believed it could so amend with any hope of being able to establish the new facts necessary to be alleged. In any case, it made no such request and the Court committed no error in failing to grant such leave. We cannot convict the trial Court of error which is non-existent.

The judgment is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.