**GEORGE WEIS COMPANY,**
Plaintiff–Appellant,

v.

**Gary DWYER, Jerrold Lander, George Cotton, Barbara Fraser, Joy Lieberman, Carl L. Seltzer and Carlos Daughaday,**
Defendants–Respondents.

No. 63096.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 17, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1993.

Case Transferred to Supreme
Court Oct. 26, 1993.

Case Retransferred to Court
of Appeals Jan. 25, 1994.

Original Opinion Reinstated Feb. 3, 1994.

David M. Duree, Reinert, Duree & Crane, P.C., St. Louis, for plaintiff-appellant.

Russell F. Watters, James P. Reinert, Brown & James, P.C., St. Louis, for defendants-respondents.

SMITH, Judge.

George Weis Company, hereinafter plaintiff, appeals from the action of the trial court in dismissing two counts of its four count petition against members of the University City School Board and the superintendent of schools for that district for failure to comply with § 107.170 RSMo 1986. The remaining two counts were against Wellington Building Group Inc. and Vernon Wellington, the principal of that company. The trial court certified its action in dismissing the counts as final for purposes of appeal. We reverse in part and affirm in part.

Our review is limited to determining whether the allegations of the plaintiff's petition state a claim against defendants. In 1988 Wellington Building Group, Inc. contracted to do construction work for renovation of two schools for the University City School District. Plaintiff entered into two sub-contracts with Wellington. It performed the work and has not been fully paid. Wellington furnished to the school board documents which purported to be payment and performance bonds allegedly executed by United Fidelity and Guaranty of Dallas, Texas. There is no such company or entity and obviously such non-entity is not authorized to conduct business or issue payment and performance bonds in Missouri. Plaintiff alleged that defendants had breached a duty imposed by § 107.170 in failing to require Wellington to provide a bond with good and sufficient sureties for payment of labor and materials utilized in the renovation. In Count II of their petition plaintiff sought damages of $13,483.71 for work performed in renovating the schools which remains unpaid. In Count IV plaintiff sought to recover under a heading entitled "Intentional Tort" and essentially seeking punitive damages. In support of the latter count plaintiff alleged that defendants acted in "an outrageous manner because of their reckless indifference to the rights of others by" and then follows a series of negligent acts in the nature of nonfeasance. No factual allegations are made of motive, intent, or state of mind.

Section 107.170 provides in pertinent part:

1. It is hereby made the duty of all officials, boards, commissions, commissioners, or agents of the state, or of any county, city, town, township, school, or road district in this state, in making contracts for public works of any kind to be performed for the state, or for such ... school ... district, to require every contractor for such work to furnish to ... such ... school district, ... a bond with good and sufficient sureties, in an amount fixed by said officials, boards, commissions, commissioners, or agents of the state, or of such ... school ... district, ... and such bond, among other conditions, shall be conditioned for the payment of any and all materials, ... consumed or used in connection with the construction of such work, ... and for all labor performed in such

work whether by subcontractor or otherwise ...

In *C.A. Burton Machinery Co. v. Ruth,* 194 Mo.App. 194, 186 S.W. 737 (1916), liability for failure to require the bond mandated and described in the statute was imposed upon the school board members personally. The Court stated:

> It is well-settled rule that where the law requires absolutely a ministerial act to be done by a public officer, and he neglects or refuses to do the act, he is liable in damages at the suit of a person injured. In such cases a mistake as to his duty and an honest intention is no defense.

The same position has been taken consistently through the years. *Rupard Asphalt Co., Inc. v. O'Dell,* 382 S.W.2d 832 (Mo.App. 1964) [1, 2]; *Energy Masters Corp. v. Fulson,* 839 S.W.2d 665 (Mo.App.1992) [7].

■ Defendants make essentially two contentions why the dismissal of Count II was proper, although those contentions are expressed in varying ways. The first is that the board members cannot be expected to pass on the solvency of sureties and that their duty ends when the contractor presents to them a paper purporting to be a bond. The statute requires that the board members and superintendent require a bond with "good and sufficient sureties". In the *Burton* case, *supra* the court stated that it was the duty of the members of the Board to require the bond and "[determine] the solvency of the sureties". But the argument is irrelevant here. A bond purportedly furnished by something that does not exist is not a bond. It is nothing but a piece of paper having no legal significance. Because the bond does not exist the board and the superintendent have, if plaintiff's allegations are true, violated the statute in failing to require a bond.

■ Defendants second contention is that the petition fails to allege that recovery cannot be made against the contractor. Cases have made such an allegation or proof of such a fact a condition for recovery. *See Austin v. Ransdell,* 207 Mo.App. 74, 230 S.W. 334 (1921); *Rupard Asphalt Co., Inc. v. O'Dell, supra.* In *Austin* the school board members were the only defendants, the contractors were not parties. A judgment had been rendered against the contractors but no allegation was made that the judgment was uncollectible. In that posture the court held no recovery could be sought against the school board members in the absence of an allegation that the judgment was uncollectible. In *Rupard* the contractor was originally joined but was dismissed by the plaintiff just before the court ruling that the absence of an allegation of inability to collect from the contractor was fatal to plaintiff's case. The court of appeals specifically stated that by the dismissal of the contractor the plaintiff apparently abandoned any effort to plead or prove the contractor's unavailability for the collection of the claim.

Here the contractor is a party and recovery is sought against it in Count I. The petition alleges that plaintiff has made demand on the contractor but has not been paid. Rule 52.08 authorizes permissive joinder of defendants where there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrences or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. The suit here clearly arises from the same transaction or series of transactions. There are common questions of fact concerning whether the work went into the schools, its value, and whether plaintiff has been paid which must be determined in the action against the contractor and the school defendants. Plaintiff's recovery against the school defendants can occur only if it can establish that any judgment recovered against the contractor is uncollectible in whole or in part. But it does not serve judicial economy to require that the plaintiff try the lawsuit twice and be forced to prove the same facts before two different fact-finders. Where the contractor is a party we will not impose the requirement that the petition allege that recovery against the contractor cannot be effectuated and we do not read the cases to require such a requirement. Count II states a cause of action against the defendants and the trial court erred in dismissing that count.

■ The allegations of Count IV do not establish a claim for punitive damages. They simply allege a series of negligent acts and the pleader's conclusion that the defendants acted outrageously and with reckless indifference to the rights of others. There are no factual allegations to support the claim of outrageous conduct or reckless indifference. The purpose of the statute is to give subcontractors, materialmen and laborers the same protection they would have under the mechanics' lien law which cannot be invoked against public buildings. *Energy Masters Corp. v. Fulson, supra,* [3, 4]. We find nothing in the statute or the case law which would justify imposing punitive damages on public servants who negligently fail to comply with the statute. The court correctly dismissed Count IV.

Judgment of dismissal of Count IV is affirmed; judgment of dismissal of Count II is reversed and cause is remanded for further proceedings.

GARY M. GAERTNER, P.J., and STEPHAN, J., concur.