S & W CABINETS, INC., a Missouri
Corporation, Plaintiff–Appellant,

v.

CONSOLIDATED SCHOOL DISTRICT
NO. 6 OF JEFFERSON COUNTY, MIS-
SOURI, (FOX), et al., Defendants–Re-
spondents.

No. 66570.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 16, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied June 26, 1995.

Application to Transfer Denied
July 25, 1995.

Mark T. Stoll, Hillsboro, for appellant.

George J. Bude, St. Louis, for respondents.

DOWD, Judge.

S & W Cabinets, Inc., appeals from the trial court's dismissal of its cause of action against Consolidated School District No. 6 of Jefferson County (School District) and each member of its board of education (board members). We affirm.

School District entered into a public works contract with Morrill Construction Company, Inc. (Morrill). According to the contract, Plaintiff was to perform certain work as a subcontractor. On or about April 17, 1991, a payment bond was issued for the contract which listed David S. Gerlach as the surety, Morrill as the contractor, and School District as the owner. Gerlach's financial statement was attached to the payment bond and his address was listed as Walnut Creek, California.

■ Morrill refused to pay Plaintiff for the work it performed, and Plaintiff brought suit against Morrill and against Gerlach as surety on the contract. Plaintiff obtained a judgment against Morrill and Gerlach for the $31,542.06 due under the payment bond, $3,304.21 for vexatious damages, and $2,315 in attorney's fees. However, Plaintiff claims this judgment is uncollectible because Morrill is insolvent and incapable of paying, and Gerlach purports to be insolvent and has no assets in the state of Missouri.[1]

Plaintiff filed suit against School District and the board members alleging they were liable to Plaintiff for failing to require Morrill to furnish a bond with "good and sufficient sureties" pursuant to § 107.170, RSMo 1986. School District and the board members filed a Joint Motion to Dismiss alleging the School District owed no duty to Plaintiff under § 107.170, and the board members were shielded from liability under the doctrine of "official immunity." After a hearing, the trial court granted the Joint Motion to Dismiss.

In reviewing the trial court's order dismissing Plaintiff's petition, the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true, and construing all allegations favorably to Plaintiff, the averments invoke substantive principles of law entitling Plaintiff to relief. *East v. Galebridge Custom Builders, Inc.*, 839 S.W.2d 720, 722[1] (Mo.App.1992).

■ First, the trial court did not err in dismissing Plaintiff's claim against School District because § 107.170 does not create a duty on the part of a school district. Section 107.170 states:

1. *It is hereby made the duty of all officials, boards, commissions, commissioners, or agents of the state, or of any county, city, town, township, school, or road district* in this state, in making contracts for public works of any kind to be performed for the state, or for such county, city, town, township, school or road district, to require every contractor for such work to furnish to the state, or to such county, city, town, township, school or road district, as the case may be, a bond with good and sufficient sureties, in an amount fixed by said officials, boards, commissions, commissioners, or agents of the state, or of such county, city, town, township, school or road district, and such bond, among other conditions, shall be conditioned for the payment of any and all materials, lubricants, oil, gasoline, grain, hay, feed, coal, and coke, repairs on machinery, groceries and foodstuffs, equipment and tools, consumed or used in connection with the construction of such work, and all other kinds of insurance, on said work, and for all labor performed in such work whether by subcontractor or otherwise.

2. All bonds executed and furnished under the provisions of this section shall be deemed to contain the requirements and conditions as herein set out, regardless of whether the same be set forth in said

---

1. In its brief, Plaintiff contends Gerlach may not even exist. However, this allegation was not included in the petition before the trial court; and therefore, it may not be considered on appeal. *F.D.I.C. v. Warmann*, 859 S.W.2d 948, 952[3] (Mo.App.1993).

bond, or of any terms or provisions of aid bond to the contrary notwithstanding. (emphasis added.)

The only authority Plaintiff cites for imposing a duty on School District is *Energy Masters Corp. v. Fulson*, 839 S.W.2d 665, 668[4] (Mo.App.1992), which states § 107.170 should be construed liberally in favor of those entitled to claim its benefits. However, *Energy Masters* also specifically states § 107.170 imposes a duty on "the board of a school district." *Id.* at 667[1]. Section 107.170 clearly imposes a duty upon the officials, boards, or agents of a school district, not the school district itself.

Next, we must determine whether the board members failed to obtain good and sufficient sureties to cover payment of Plaintiff's contract, and if so, whether they are shielded from liability under the doctrine of official immunity.

■ First, in its order, the trial court stated:

The Court notes that Plaintiff makes mention of the fact that the surety on the Bond was not a resident of the State of Missouri and that he was not licensed to do business in the State of Missouri. In this regard the Court notes that nothing in Chapter 107 R.S.Mo. or Chapter 433 R.S.Mo., requires that a surety or sureties be residents of the State or own property within the State.

We agree. Plaintiff cites no authority, and we are unable to find any law which requires an individual to own property, be a resident, or be licensed to conduct business in Missouri in order to be a surety on a public works bond.

■ Second, even if Gerlach's bond did not constitute "good and sufficient sureties," the board members are not liable to Plaintiff. Generally, the doctrine of "official immunity" shields public officers from tort liability for

their judicial or discretionary acts, but not for their ministerial duties. *Kanagawa v. State by and through Freeman*, 685 S.W.2d 831, 836[7] (Mo. banc 1985); *Yelton v. Becker*, 248 S.W.2d 86, 89[1, 2] (Mo.App.1952). Whether an act can be characterized as discretionary depends upon the degree of reason and judgment which is required. *Kanagawa*, 685 S.W.2d at 836[7]. A discretionary duty requires a public officer to exercise reason and discretion in determining how or whether an act should be done or a course pursued. *Id.* On the other hand, a ministerial act is an act of a clerical nature which a public officer is required to perform upon a given set of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to the official's own judgment or opinion concerning the propriety of the act to be performed. *Id.* at 836[8].

In arguing the board members are liable for failing to require "good and sufficient sureties," Plaintiff relies heavily on *George Weis Company v. Dwyer*, 867 S.W.2d 520 (Mo.App.1993). In *Weis*, the contractor furnished the school board with documents which purported to be payment bonds issued by a company which did not exist. *Id.* at 521. However, the court avoided determining whether official immunity would shield the board from liability for approving an insufficient bond by holding:

A bond purportedly furnished by something that does not exist is not a bond. It is nothing but a piece of paper having no legal significance. Because the bond does not exist the board and the superintendent have, if plaintiff's allegations are true, violated the statute in failing to require a bond.

*Id.* at 522[1]. Therefore, the court found the board members were liable.[2]

The only Missouri case to address the applicability of official immunity to a school

---

**2.** On May 10, 1993, § 107.170 was amended to include an additional subsection, § 107.170.3, which states:

Nothing in this section shall be construed to require a member of the school board of any

public school district of this state to independently confirm the existence or solvency of any bonding company if a contractor represents to the member that the bonding company is sol-

board member's duties under § 107.170 is *C.A. Burton Mach. Co. v. Ruth,* 194 Mo.App. 194, 186 S.W. 737 (1916).[3] In *Burton,* the school board failed to require the contractor to issue any bond at all. *Id.* The *Burton* court found that the statute in question imposed an absolute duty upon the board to require a bond. *Id.* 186 S.W. at 738[3]. Therefore, the act of requiring the bond was found to be a ministerial duty, and the board members were found liable. *Id.* However, the court noted that the board's duty to fix the amount of the bond was a discretionary duty because it required the board to exercise its judgment. *Id.*

■ Because § 107.170 sets no prescribed rules for the board members to follow in determining whether a bond is "good and sufficient," the decision whether to accept a particular bond must be considered a discretionary act for which they are entitled to official immunity. Therefore, we find the trial court did not err in dismissing Plaintiff's petition.

Judgment affirmed.

CRANDALL, P.J., and SMITH, J., concur.

---

vent and that the representations made in the purported bond are true and correct.

3. The requirements under the statute at issue in *Burton* are nearly identical to those in the statute applicable in this case. The *Burton* statute stated the board had a duty "... to require every contractor for such work to execute *a bond* to the state, county, city, town, township, school or road district, as the case may be, *with good and sufficient sureties,* and in an amount to be fixed by said officials, boards, . . . ." *Id.* at 737. (emphasis added.)

The duty imposed under the statute applicable in this case is, "... to require every contractor for such work to furnish to the state, or such county, city, town, township, school or road district, as the case may be, *a bond with good and sufficient sureties,* in an amount fixed by said officials, boards, . . . ." (emphasis added.)